THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERYL BOUCHER,

          Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

          Defendant.

Case No. C09-1520-JCC

ORDER

This matter comes before the Court on Defendant's Objections (Dkt. No. 14) to the Report and Recommendation of Magistrate Judge Tsuchida. (Dkt. No. 13.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R for the reasons explained herein.

## I.  BACKGROUND

Cheryl Boucher, Plaintiff, appeals from a denial of her application for Social Security disability insurance. (R&R 1 (Dkt. No. 13).) Plaintiff's initial application was denied by the Administrative Law Judge ("ALJ"), and the Appeals Council denied review of that decision. (*Id.* at 2.) Before the Appeals Council denied review, however, Plaintiff submitted additional evidence, in the form of a letter from Dr. David Buscher, M.D. (*Id.* at 6.) Dr. Buscher's letter

ORDER
PAGE - 1

constituted medical evidence from an acceptable medical source and contained clinical and laboratory test results, crucial factors that had been missing from Plaintiff's earlier reliance on naturopathic testimony. (*Id.* at 7.)

Magistrate Judge Tsuchida found that the ALJ's decision was no longer supported by substantial evidence in light of Dr. Buscher's letter.  (*Id.* at 7–8.) Because the ALJ's decision had rested upon the lack of objective medical evidence in the record, and because Plaintiff had now submitted such evidence, Judge Tsuchida recommended that the case be remanded to the ALJ to consider this additional evidence. (*Id.* at 10.)

Michael Astrue, Commissioner of Social Security and Defendant, now objects to the R&R. (Obj. 1 (Dkt. No. 14).) Defendant asserts that the new evidence does not warrant remand because it is both immaterial to the issue of disability, and because no good cause has been shown for not having obtained it earlier. (*Id.* at 2.) However, because Defendant misconstrues the ability of the Court to remand under sentence four of § 405(g), the Court hereby ADOPTS the R&R for reasons stated below.

## II.      DISCUSSION

### A.      The Court May Remand Pursuant to Sentence Four of § 405(g)

42 U.S.C. § 405(g) grants district courts two distinct powers with respect to decisions of the Commissioner of Social Security. Sentence four of 42 U.S.C. § 405(g) allows a court to affirm, modify, or reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. Sentence six of 42 U.S.C. § 405(g) allows a court to order additional evidence to be taken before the Commission, but only upon a showing of materiality and good cause for having failed to incorporate such evidence into the record earlier. Here, we are faced with a sentence four, not six, remand.

Defendant cites *Mayes v. Massanari*, 276 F.3d 453 (9th Cir. 2001) as requiring a reviewing court to invoke sentence six materiality and good cause standards when faced with evidence submitted to the Appeals Council, but not to the ALJ. (Obj. 2 (Dkt. No. 14).) This

ORDER
PAGE - 2

misconstrues the scope of *Mayes*. The court in *Mayes* explicitly notes that it "need not decide whether good cause is required for submission of new evidence to the Appeals Council . . . ." 276 F.3d at 461 n.3. The more relevant consideration is the Ninth Circuit decision in *Ramierez v. Shalala*, 8 F.3d 1449 (9th Cir. 1993).

The *Ramierez* court clearly held that a reviewing court should consider both the ALJ's decision and any additional material submitted to the Appeals Council. 8 F.3d at 1452. Ninth Circuit precedent strongly supports the proposition that evidence submitted to the Appeals Council becomes part of the administrative record for the purposes of review. *See Harman v. Apfel*, 211 F.3d 1172, 1180–81 (9th Cir. 2000); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). Defendant cites no authority for the proposition that materiality or good cause is required for a district court to consider evidence within the record.[1]

Consequently, this Court may remand for a consideration of Dr. Buscher's letter without a showing of good cause or materiality.  Because the ALJ's decision is unsupported by substantial evidence in light of Dr. Buscher's evidence, this is the proper course of action.

### III.   CONCLUSION

For the foregoing reasons, the R&R (Dkt. No. 13) is ADOPTED. The Commissioner's decision is REVERSED and the case is REMANDED to the Social Security Administration for further proceedings consistent with the Report and Recommendation.

//

//

//

---

[1] For a particularly helpful discussion on the implicit allowance of remand without a showing of materiality or good cause, Defendant might consider looking to *Ramel v. Barnhart*, No. C05-1913-RSL-MAT, slip op. at 11–14 (W.D. Wash. Aug. 4, 2006) (Dkt. 18).

ORDER
PAGE - 3

1          The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

2

3     DATED this 25th day of June, 2010.

4

5

6

7                                                       John C. Coughenour
                                                        UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 4